UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
VINCENT AMOROSO,

         Plaintiff,

  -against-                  **MEMORANDUM AND ORDER**

CAROLYN W. COLVIN,         1:15-cv-01497 (FB)
ACTING COMMISSIONER OF
SOCIAL SECURITY,

         Defendant.
-----------------------------------------------------x

*Appearances:*

| *For the Plaintiff* | *For the Defendant* |
|---|---|
| CHRISTOPHER J. BOWES | ROBERT L. CAPERS |
| 54 Cobblestone Drive | United States Attorney |
| Shoreham, New York 11786 | Eastern District of New York |
| | 271 Cadman Plaza East |
| | Brooklyn, New York 11201 |
| | |
| | By: DARA A. OLDS |
| |     Assistant United States Attorney |

**BLOCK, Senior District Judge:**

      Vincent Amoroso ("Amoroso," "plaintiff," or "claimant") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits under the Social Security Act ("SSA"). Both parties move for judgment on the pleadings. For the reasons stated below, plaintiff's motion is DENIED, and the Commissioner's motion is GRANTED.

## I.

A resident of Staten Island, New York, Amoroso is a high school graduate in his mid-forties. From 1992 to 2007, his earnings were modest as he worked as a telephone operator and counter attendant. He stopped engaging in substantial gainful activity on August 2, 2009. Beginning on that date, and through at least September 30, 2013, Amoroso allegedly suffered from osteoarthritis in his right foot and ankle due to a congenital deformity, hypertension, obesity, diabetes mellitus, and adjustment disorder with anxious and depressed mood. He filed an application for disability benefits on December 15, 2011. Amoroso's claim was initially denied on April 13, 2012. At Amoroso's request, a hearing was held before an Administrative Law Judge ("ALJ") on October 24, 2013.

On November 22, 2013, the ALJ held that Amoroso was not disabled within the meaning of the SSA. Applying the SSA's five-step sequential evaluation process,[1] the ALJ determined that (1) Amoroso had not engaged in substantial gainful activity since August 2, 2009, the alleged onset date, and (2) his osteoarthritis, hypertension, obesity, diabetes mellitus, and adjustment disorder constituted severe impairments. Nonetheless, the ALJ concluded that

---

[1] SSA regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, . . . (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

Amoroso did not have a specific impairment or combination of impairments that met or medically equaled the SSA's requisite level of severity, as set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, so as to trigger his automatic classification as disabled.

The ALJ then determined that Amoroso had the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), with certain exceptions.[2] In reaching this conclusion, the ALJ relied on objective medical evidence, including "medical evidence of record," AR 16, and nearly a dozen different doctor reports. *See id.* at 13–16, 258–60, 344–52. The ALJ thereupon applied this RFC to the remaining step and determined that Amoroso, though unable to perform any past relevant work, could perform other jobs identified in Medical Vocational Guidelines, 20 C.F.R. § 404, Subpart P, Appendix 2, based partly on the testimony of a vocational expert who had been duly informed of plaintiff's physical and mental limitations as substantially evidenced by the overall record. In particular, in light of Amoroso's age, education, past relevant work experience, and RFC, the ALJ concluded that plaintiff possessed skills transferable to other occupations with jobs existing in significant numbers in the national economy, such as charge account clerk or surveillance

---

[2] Namely, the ALJ found that Amoroso had the ability to occasionally lift or carry up to ten pounds. *See* AR 12. In addition, the ALJ concluded that, within one eight-hour workday in which normal breaks are taken, claimant could stand or walk for about two hours and sit for about six hours. *Id.* Lastly, the ALJ determined that "[t]he claimant can occasionally climb ramps or stairs" and "occasionally balance, stoop, or kneel." *Id.* According to the ALJ, however, Amoroso could not climb, crouch, or crawl or perform work requiring operation of foot controls or pedals utilizing his lower extremities. *Id.*

system monitor.

The Appeals Council denied Amoroso's request for review on January 21, 2015, and the ALJ's decision thereby became the Commissioner's final one. Amoroso has sought timely review, arguing that, because the ALJ improperly discounted his doctors' and his own testimony regarding the nature of his impairments, thereby computing an improper RFC, and mistakenly relied on a vocational expert's opinion, the Commissioner's decision that he was not disabled was in error. The Court considers each reason.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *cited in, e.g.*, *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). If contradictions appear in the record and an ALJ fails to reasonably explain why he or she opted for one interpretation over another, the Commissioner's findings cannot stand. *See, e.g.*, *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("'[T]he ALJ cannot arbitrarily substitute his [or her] own judgment for competent medical opinion . . . .'"); *cf. Selian v. Astrue*, 708 F.3d 409, 420 (2d Cir. 2013) ("To the extent that record is unclear, the Commissioner has an affirmative duty to 'fill any clear gaps in the administrative record' before rejecting a treating physician's

diagnosis."). "[T]he reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983); *see also Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing *Mongeur*, 722 F.2d at 1038).

### A. ALJ's RFC Computation: Treatment of Opinions Submitted by Plaintiff's Doctors

Plaintiff first argues that the ALJ failed to correctly apply the treating physician rule when he did not give controlling weight to the opinions submitted by his treating and consultative orthopedists pointing to "a remarkably reduced range of standing and walking that cannot support a finding that . . . Amoroso could perform the jobs cited by the vocational expert." Pl.'s MSJ at 18. The treating physician rule dictates that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(c)(2)). For purposes of this rule, "medical opinions" include "statements from physicians and psychologists and other acceptable medical sources," 20 C.F.R. § 404.1527(a)(2), and can take a variety of forms, *cf. Philpot v. Colvin*, No. 12-CV-291 (MAD/VEB), 2014 WL 1312147, at *19 (N.D.N.Y. Mar. 31, 2014) (noting that the relevant treating physician's opinion had been embodied in a checklist); *Gray v. Astrue*, No. 09-CV-00584, 2011 WL 2516496, at *5 (W.D.N.Y. June 23, 2011) (same); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)

(same). If the ALJ does not give a treating physician's opinion controlling weight, he or she must provide "'good reasons' for the weight given to that opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004). The ALJ must apply this same standard to the opinion evidence of non-examining sources, even though he or she must generally afford greater weight to a treating physician's assessment. 20 C.F.R. § 416.927(e)(2)(ii); *see also Wells v. Comm'r*, 338 F. App'x 64, 67 (2d Cir. 2009) (citing regulatory predecessor).

As his decision explains, the ALJ gave little weight to the conclusions of plaintiff's two favored doctors regarding his disability based on reports submitted by two other medical experts, their detailed notes and examinations, and Amoroso's acknowledged activities. He thus did not discount the opinion of physicians for "no reason" or "the wrong reason." *Morse v. Astrue*, No. 12-CV-6225-CJS, 2013 WL 3282883, at *4 (W.D.N.Y. June 27, 2013) (citing *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2007)); *cf. Sanders v. Comm'r*, 506 F. App'x 74, 77 (2d Cir. 2012) ("This Court has consistently held that the failure to provide *good reasons* for not crediting the opinion of a claimant's treating physician is a ground for remand." (emphasis added)). Instead, the ALJ combed through the evidence submitted by Amoroso and compared his doctors' determinations with other medical professionals' comprehensive conclusions. *See* AR 16–20. From this perusal, he first uncovered and then pinpointed apparent inconsistencies that undercut the validity of the medical assertions of Amoroso's preferred professionals as to the extent of his disability. *Id.*

The ALJ's decision to give limited weight to Amoroso's favored doctors was therefore

supported by "specified reason[s]," mined from an extensive record, *Otts v. Comm'r*, 249 F. App'x 887, 889 (2d Cir. 2007), and "contradictory medical evidence," *Eiden v. Sec'y of Health, Educ. & Welfare*, 616 F.2d 63, 64 (2d Cir. 1980) (relying on *Alvarado v. Califano*, 605 F.2d 34, 35 (2d Cir. 1979)) *see also, e.g.*, *Stevens v. Barnhart*, 473 F. Supp. 2d 357, 362 (N.D.N.Y. 2007) ("[T]he less consistent an opinion is with the record as a whole, the less weight it is to be given."). By so explaining how and why the opinions of Amoroso's doctors were contradicted by the record's other substantial evidence, the ALJ avoided any reliance on "his own intuition," *Sanchez v. Colvin*, No. 14 CV 1008, 2015 WL 4390246, at *15 (E.D.N.Y. July 14, 2015), or "sheer speculation," *Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013), and provided the "good reason" sufficient to justify his ultimate decision. *See, e.g.*, *Halloran*, 362 F.3d at 32 ("[T]he opinion of the treating physician is not afforded controlling weight where . . . [these] opinions . . . are not consistent with other substantial evidence in the record, such as the opinions of other medical experts."); *Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982) (upholding the ALJ's determination "[where] portions of the ALJ's decision and the evidence before him indicate[d] that his conclusion was supported by substantial evidence").

**B. Credibility**

Plaintiff next argues that the ALJ erred by finding that Amoroso's statements concerning the intensity, persistence and limiting effect of his impairments were not entirely credible to support his claim of total disability. No ALJ may reject such subjective statements "*solely* because the available medical evidence does not substantiate" them. 20 C.F.R. § 416.929(c)(2) (emphasis added); *see also Hilsdorf v. Comm'r*, 724 F. Supp. 2d 330, 350

(E.D.N.Y. 2010) (quoting regulation). However, an ALJ must "consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [claimant's] statements and the rest of the evidence." 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); *see also Puente v. Comm'r*, 130 F. Supp. 3d 881, 894 (S.D.N.Y. 2015) (quoting regulations). Based on such a review, he or she may then "properly choose not to credit . . . [an applicant's] claims regarding . . . impairments" if "the other evidence in the record . . . contradict[s] them." *Brooks v. Comm'r*, No. 15 Civ. 4707 (GWG), 2016 WL 4940208, at *9 (S.D.N.Y. Sept. 15, 2016); *see also, e.g.*, *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (ALJ "is not required to accept the claimant's subjective complaints without question[.]"); *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) ("It is the function of the Secretary, not ourselves, to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant.").

The record here, particularly several doctors' notes, X-rays, and MRIs, provides ample support for the ALJ's decision to reject the claimant's assessments of his own disability. *See* AR 16–17. The ALJ thus did no less than what the law allows and requires, utilizing credible medical findings and testimonial evidence so as to "arrive at an independent judgment . . . regarding the true extent of the pain alleged by the claimant," *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979); *accord Genier*, 606 F.3d at 49, that was not "patently unreasonable," as the law alone forbids. *Pietrunti v. Director, Office of Workers' Comp. Programs*, 119 F.3d 1035, 1042 (2d Cir. 1997). Consequently, substantial evidence supports the ALJ's finding that Amoroso's assertions were not wholly credible, and his decision cannot be deemed so

unreasonable as to be reversed. *See Genier*, 606 F.3d at 49 ("Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings 'must be given conclusive effect' so long as they are supported by substantial evidence." (quoting *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982))).

### C. Vocational Expert

Plaintiff lastly contends that the vocational expert's testimony as to the jobs for which he is suitable "plainly conflicts with the[se] job[s'] requirements as set forth in the Dictionary of Occupational Titles." Pl.'s MSJ at 21. To rebut a prima facie case of disability, the ALJ must prove the existence of alternative substantial gainful activity in the national economy which the claimant is capable of performing. *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980). "An ALJ may make this determination either by applying the Medical Vocational Guidelines or by adducing testimony of a vocational expert." *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014). So long as substantial record evidence supports the assumptions upon which the vocational expert based his or her opinion, an ALJ is entitled to rely upon that opinion. *Dumas v. Schweiker*, 712 F.2d 1545, 1553–54, 1554 n.4 (2d Cir. 1983); *see also, e.g.*, *Cohen v. Comm'r*, 643 F. App'x 51, 53–54 (2d Cir. 2016) ("The ALJ was well within its discretion to credit the testimony of a vocational expert, who after considering Cohen's age, education, work experience, and residual functioning capacity, determined that a number of jobs existed in significant numbers in the national economy[.]").

As to this final issue, the record is again clear. The ALJ not only applied the Medical Vocational Guidelines but also was guided by a vocational expert's opinion that was

predicated on substantiated facts. *See* AR 15–19, 51–52; *see also supra* Part I. Because substantial evidence attested to Amoroso's limitations and because the vocational expert opined on the basis of these demonstrable limitations, the ALJ did not err in his reliance upon this particular expert.[3]

## III.

For the aforementioned reasons, plaintiff's motion is DENIED, and the Commissioner's motion is GRANTED.

**SO ORDERED**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 27, 2016

---

[3] Plaintiff spends much time arguing the proper interpretation of certain medical reports and pointing to favorable evidence–and ignoring unfavorable data–peppering a voluminous record. However, the Court's power of review is limited, and it cannot choose between contradictory, but equally supportable, conclusions as a matter of law. *See Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (holding that it is not an appellate court's job "to determine *de novo* whether [a plaintiff] is disabled"); *Rutherford*, 685 F.2d at 62 ("Congress has instructed us that the factual findings of the Secretary, if supported by substantial evidence, shall be conclusive.").